hold that any of Mr. Izon's service of employment was a "covered service." For example, his SF–50s state that throughout his employment, his retirement plan was either "none" or "other," indicating that his position was not a "covered service." Nor has Mr. Izon cited to any other evidence indicating that his position was nonetheless a "covered service." As a result, Mr. Izon is not an "employee" for the purpose of the authority to make retroactive deposits under 5 U.S.C. § 8334(c) and 5 C.F.R. § 831.303(a). For this reason we affirm the decision of the Board.

CONCLUSION

Because Mr. Izon has not shown that any of his employment was a "covered service," we *affirm* the Board's decision affirming OPM's denial of Mr. Izon's application for annuity under CSRS.

**AFFIRMED.**

COSTS

Each party shall bear its own costs.

Matthew D. Murphey, Troutman Sanders LLP, of San Diego, CA, argued for plaintiff-appellant. With him on the brief was Paul E. McGowan, of Atlanta, GA.

Steele N. Gillaspey, Gillaspey & Gillaspey, of San Diego, CA, argued for defendants-appellees.

DYK, PLAGER, and MOORE, Circuit Judges.

**JUDGMENT**

PER CURIAM.

THIS CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

AFFIRMED. *See* Fed. Cir. R. 36.

**SEIRUS INNOVATIVE ACCESSORIES, INC., Plaintiff–Appellant,**

v.

**BALBOA MANUFACTURING COMPANY, LLC and Sports Accessories America, Inc., Defendants–Appellees.**

No. 2012–1558.

United States Court of Appeals, Federal Circuit.

Nov. 10, 2014.

**FORHEALTH TECHNOLOGIES, INC., also known as FHT, Inc., Appellant,**

v.

**INTELLIGENT HOSPITAL SYSTEMS LTD., Appellee.**

No. 2014–1348.

United States Court of Appeals, Federal Circuit.

Nov. 10, 2014.